IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **CCI VENTURES, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 1:17-CV-0019-BL |
| | § | |
| **BERKLEY NATIONAL INSURANCE COMPANY, et al.,** | § | |
| | § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Stay Pending Appraisal (doc. 7). A Certificate of Conference attached to the motion indicates that neither defendant opposes the motion. Because this action has been referred to the undersigned Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the parties have not consented to have all further proceedings in this case conducted by a magistrate judge, the undersigned issues this report and recommendation and directs that this case be reassigned to Senior District Judge Sam R. Cummings. For the reasons that follow, it is recommended that the District Court deny the motion and instead administratively close this action.

Plaintiff filed this action in state court on January 6, 2017, and it was removed to federal court on February 9, 2017. *See* Def.'s Notice of Removal (doc. 1). It filed the instant motion on March 9, 2017. It represents that the parties have entered the appraisal process and seeks to stay or abate this litigation pending the outcome of that process. It provides no estimate of the time needed to complete the process, but submits that a stay "is both appropriate and in the interest of the efficient and inexpensive administration of justice." Mot. at 4.

Although the motion provides solid support for staying this action, the Court should instead

administratively close this case. The Court must report all cases that have been pending for more than three years to the Administrative Office of the United States Courts. If a case is abated or indefinitely stayed, the time continues to accrue against the three years, whereas if it is administratively closed, the time is tolled and does not count towards the three-year period. Thus, if the Court stays this action as requested, the time spent on appraisal will be counted towards that three-year period despite no action in the case. The more practical approach is to administratively close this case subject to reopening at a later date, if necessary. Accordingly, the undersigned **RECOMMENDS** that the Court **DENY** the motion to stay (doc. 7) and instead **ADMINISTRATIVELY CLOSE** this case. Nothing in this recommendation should be considered as recommending dismissal or disposition of this case. If further proceedings become necessary or desirable, any party or the Court may initiate such further proceedings.

Because the parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to **REASSIGN** this case to Senior District Judge Sam R. Cummings.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED** this 14th day of March, 2017.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**